## ROBERT ATCHISON v. EDWARD WILLIAMS.

The appellee brought suit against the appellant on the obligation of the latter to deliver a three hundred and twenty acre land certificate. The defendant plead that he had discharged the obligation by executing to the plaintiff a transfer of a lost three hundred and twenty acre certificate, which transfer was accepted by the plaintiff, with the understanding that a duplicate was to be procured on the proper showing to the commissioner of the general land office; that the defendant took the proper steps on his part to obtain the duplicate, but before it could be got the plaintiff fled the country, without making the oath of ownership, as required by law; and defendant prayed that if he be held liable to plaintiff on the obligation sued on, his said transfer be canceled. There was evidence tending to support the defense, but the court below, in its charge to the jury, treated the issue thus presented by the defendant as altogether irrelevant: *Held,* that the defense, if established by evidence, was good, and should have been left to the jury; that the plaintiff should not have been permitted to recover on the obligation and at the same time to retain the transfer, nor be allowed, while he withheld the transfer, to deny that it was a satisfaction of the obligation; and consequently that the charge of the court was erroneous.

Appeal from Grayson. The case was tried before Hon. Nat. M. Burford, one of the district judges.

The opinion of the court indicates the facts of this case.

*J. J. Dickson,* for the appellant.

*W. L. & C. L. Robards,* for the appellee.

Moore, C. J.—If any title or interest in the Cunningham certificate vested in the appellee by the conveyance of this certificate, made to him by the appellant, he evidently should not be permitted to recover damages for the breach of contract on which he sues and also to hold on to the conveyance of the certificate and refuse its cancellation. We have, however, had much hesitancy in concluding from the evidence in the record that any interest whatever passed to the appellee by virtue of this alleged transfer. It is not shown that there was really in existence any such certificate, or, if so, that appellant had any title or claim to it, or that he had any authority to dispose of it from the grantee, Cunningham, as whose agent he purports to make the conveyance. It might perhaps be safely concluded, that the failure to cancel this transfer could work no injury to any one, or at least it could not do so to the appellant, as he has not shown that he has in truth any interest in it. But appellee, by accepting the transfer from appellant, and from the instructions which he gave the clerk when he deposited it with him, seems to have recognized the genuineness of the certificate, and that appellant had such control of or interest in it as to authorize him to convey it in discharge of his individual obligation. Appellee should not be permitted to deny that such transfer discharged the contract upon which he brings his suit, while he neither surrenders nor consents to the cancellation of the transfer; and especially as it was shown that appellant proffered, before the suit was instituted against him, to discharge in

money the obligation upon which the suit is brought, if the appellee or his agent would secure him against liability on this transfer; and, when sued, he asked directly for the cancellation of this conveyance in the event of his being adjudged to pay damages for a breach of this contract, as claimed by appellee. If, as seems to have been admitted when the transfer was made, the original certificate was lost, and the transfer to appellee had any legal effect until it was revoked or annulled, neither the appellant nor Cunningham could obtain the duplicate certificate. (O. & W. Dig., Art. 1233.)

This ground was urged by appellant as a defense to the action. And if it had been shown that appellee had accepted the transfer as sufficient evidence of appellant's title to the certificate, and he had also proved, as he alleges in his answer, that he had made publication as required by law of the loss of the certificate, and that the only reason why it had not been issued was the failure of the appellee to make the oath required for this purpose, we see no reason why he should not have successfully maintained this defense. But it is not shown by the testimony whether it were a duplicate certificate already obtained which appellee expected to receive, or one which was to be subsequently procured. If the latter, appellant failed to prove that he had taken the steps to obtain it, as alleged in his answer.

By the charge of the court, the issue presented by appellant in respect to this defense, and his right to a cancellation or surrender of the transfer, were treated as altogether irrelevant. In this we hold there was error, for which the judgment must be reversed, and the cause

REMANDED.